```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                  SOUTHERN DIVISION at PIKEVILLE


SHERRY DENISE TAYLOR,         )
                              )
     Plaintiff,               )     Case No.
                              )     7:18-cv-071-JMH
v.                            )
                              )     MEMORANDUM OPINION
                              )        AND ORDER
NANCY A. BERRYHILL, ACTING    )
COMMISSIONER OF SOCIAL        )
SECURITY,¹                    )
                              )
     Defendant.               )
```

                               ***

This matter is before the Court on Plaintiff Sherry Denise Taylor's motion to reconsider portions of the Memorandum Opinion and Order entered in this case on July 12, 2019. [DE 23]. That decision, which granted, in part, Taylor's fee request under the Equal Access to Justice Act ("EAJA"), limited recovery to the statutory maximum of $125 an hour. [DE 22]. Taylor asks the Court to reconsider its decision, claiming (1) that the Court did not follow the proper methodology to determine if a fee award beyond the statutory rate was appropriate, and (2) that the Court erred in denying recovery for four hours of fees that accrued while litigating attorney's fees. [DE 23 at 1-2].

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019. Still, Nancy Berryhill was serving as Acting Commissioner of Social Security when this action was filed.

The Commissioner responded [DE 26] and Taylor replied [DE 27], making this matter ripe for review. The Court has also considered Taylor's recently filed notice of supplemental authorities. [DE 28].

## I. PROCEDURAL AND FACTUAL BACKGROUND

The facts and procedural background of this case have been repeated several times; thus, the Court will only briefly summarize the context here. Taylor's Social Security benefits were revoked after a federal investigation revealed that her former attorney, Eric C. Conn, fraudulently handled many cases before the Administration. Believing she was still entitled to Social Security benefits, Taylor sought review of the Commissioner's decision to revoke them in federal court. The Court granted judgment in favor of Taylor and ordered that the action be reversed and remanded for further proceedings. [DEs 16, 17].

Taylor moved for an award of attorney's fees under the EAJA. [DE 18]. The Commissioner did not oppose an award of attorney's fees under the statute, but did dispute Taylor's request for an hourly rate higher than the statutory limit. Taylor sought a rate of $203 an hour, arguing that market and cost-of-living considerations made the increase reasonable. The Court, in a July 12, 2019 Memorandum Opinion and Order, held that Taylor was entitled to attorney's fees, but at the statutory maximum of $125 an hour. [DE 22 at 2]. Additionally, the Court agreed with the

2

Commissioner that Taylor was not entitled to receive compensation for hours of work that were incurred after the civil action concluded. [*Id*.]. The Court granted Taylor $1,137.50 in attorney's fees for 9.1 hours of work.

Taylor timely filed a motion asking the Court to reconsider its order pursuant to Federal Rules of Civil Procedure 59(e) and 60. [DE 23]. The Commissioner responded [DE 26] and Taylor replied [DE 27].

## II. STANDARD OF REVIEW

Motions to alter or amend a judgment may be granted only "if there is clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citing Fed. R. Civ. P. 59(e)). "Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Id*. at 374 (internal quotations omitted).

## III. ANALYSIS

Taylor asks this Court to reconsider its July Order for two reasons. First, she argues that the Court did not use the proper legal analysis when it decided to cap Taylor's fee award at $125 an hour. [DE 23 at 1]. Second, Taylor claims that the Court's

3

decision to deny "fees on fees" because the merits of the case are no longer appealable is error. [*Id*. at 2]. The Commissioner, in a two-page response, only argued that district courts have broad discretion to decide fee petitions under the EAJA. [DE 26]. The Court addresses each of Taylor's arguments below.

**A. Statutory Rate**

Under the EAJA, the hourly rate for attorney fees is capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The rate of $125 is "a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). The plaintiff may overcome the statutory maximum by demonstrating that the "prevailing market rate" in the local legal community exceeds the cap. *Bryant v. Comm'r of Social Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). When the Court determines the prevailing market rate based on record evidence, it must determine if increases in the cost of living justifies an award of attorney's fees above the statutory maximum. *Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992).

The district court still has a general duty to ensure that the amount of fees under the EAJA is "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). When requesting an increase

4

in the hourly fee rate above the statutory cap, a plaintiff shows the rate is reasonable by "producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 450 (internal citations omitted). "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Rates outside of the relevant jurisdiction provide no evidence of the prevailing rates within a given community for attorneys of comparable skill, experience, and reputation. *See id.* Finally, when considering a request for an increase in the hourly rate, courts must "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." *Begley*, 966 F.2d at 200.

To begin, there is some dispute in this case about rules of statutory construction and sovereign immunity in reading and applying the EAJA. In addition to a district court's broad discretion in determining what the hourly rate for EAJA awards should be, the Court's decision is also supported by this circuit's application of the sovereign immunity doctrine in fee cases.

The Court, in its July opinion, briefly noted that "the EAJA constitutes a waiver of sovereign immunity and should be strictly construed." [DE 22 at 3 (citing *Ardestani v. INS*, 502 U.S. 129,

5

137-38 (1991); *Turner v. Astrue*, 764 F.Supp.2d 864 (E.D. Ky. 2011)]. Taylor correctly points out that where the EAJA applies, it should be read normally, not narrowly. [DE 23 at 5-6 (citing *Ford Motor Co. v. United States*, 768 F.3d 580, 586-87 (6th Cir. 2014)]. Taylor also argues that the Court's citation to *Turner v. Astrue* was improper because that decision was reversed and remanded by the Sixth Circuit. [DE 23 at 5-6]. Taylor asserts that the case is "not good law" and should be ignored. [*Id.*].

The Sixth Circuit remanded *Turner* because it disagreed with the district court's interpretation of the phrase "incurred by that party in any civil action" under § 2412(d)(1)(A) of the EAJA. *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). Although a portion of the district court's analysis leading to its strict application of that provision discussed the United States' immunity, it ultimately summed up its position as follows:

> If a statute clearly waives sovereign immunity, the Court must apply that waiver faithfully. But the import of the rule of strict construction is that, to waive the government's sovereign immunity, the statute must be clear and unequivocal.

764 F.Supp.2d at 870. Though the Sixth Circuit ultimately reversed and remanded the case, it did not address the district court's description or application of the sovereign immunity doctrine, which is in line with the circuit court's precedent.

The Sixth Circuit has interpreted the jurisprudence on the "sovereign immunity canon" to mean that it may only be resorted to

6

if there is ambiguity in the statutory text. *United States v. Coffman*, 625 F. App'x 285, 287 (6th Cir. 2015)(interpreting fee-shifting provision in the Civil Asset Forfeiture Reform Act). Likewise, the Supreme Court has again held that "any ambiguities in the statutory language are to be construed in favor of immunity." *Federal Aviation Admin. v. Cooper*, 566 U.S. 284, 290 (2012). "Ambiguity exists if there is a plausible interpretation of the statute that would not authorize money damages against the government." *Id*. (citing *Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

Thus, the threshold question of a statutory provision's applicability and how strictly that provision must be read once it is found to apply is often the same question. Once it is clear that a provision applies, it must be applied faithfully. Once it is determined that the EAJA's exception to the statutory fee cap is applicable based on the facts of the case, the attorney may be awarded fees above that amount in its discretion.

The Court in its July opinion found a plausible interpretation of the statutory parameters of the exception that made it inapplicable to this case. Taylor claims that the Court's analysis of the complexity of the case "runs roughshod over the statutory requirement that the 'amount of fees awarded … shall be based upon prevailing market rates for the kind and quality of services furnished.'" [DE 23 at 7 (quoting *Clark v. Comm'r of Soc. Sec.*,

7

849 F.3d 647, 652 (6th Cir. 2016); 28 U.S.C. § 2412(d)(2)(A)). Taylor's attorney has never argued that the case was particularly complex, only that it involved the same issues of Conn clients have argued following the termination of their Social Security benefits. But complexity does matter in the Court's interpretation of what a plaintiff must demonstrate to break past the statutory cap, the "kind and quality of services furnished," making it entirely plausible that the exception should not apply in this case.

As the Court noted in its July opinion, all four attorneys who submitted affidavits opined that the market rate for Social Security cases generally in this district is higher than $125 an hour. [DE 22 at 5]. The Court found this information, along other economic data, to be "persuasive," but found that the procedural history of the case could not support the fee increase. At the base of the Court's concerns is that the market data provided by Taylor's attorney is for cases that look entirely different from hers. Consequently, because the there is a significant question of whether this case should prompt the application of the EAJA's statutory cap exception, it should be applied strictly in favor of immunity.

Taylor also filed, on April 16, 2020, a notice of supplemental authorities she believes support her motion for reconsideration. [DE 28]. In it, she cites to a case the Sixth Circuit decided on

8

March 30, 2020, holding that a decision by the Board of Immigration Appeals failed to properly evaluate the plaintiff's evidence and applied incorrect legal standards to the case. *Pablo Lorenzo v. Barr*, No. 18-3606, 2020 WL 1514832 (6th Cir. March 30, 2020). Taylor cites a portion of the decision noting that the $125 cap was imposed when the EAJA was amended in 1996. *Id*. at *3.

The Sixth Circuit also noted that the attorney lived and worked in California, where the Ninth Circuit has provided a list of statutory maximum hourly rates under the EAJA, adjusted for increases in the cost of living there. *Id*. at *4. In fact, *Pablo Lorenzo* provides further support for the Court's conclusion that the complexity of a case does matter in determining if a fee award should be increased. The Sixth Circuit stated that "[a]lthough courts have awarded enhanced fees in a limited number of immigration cases, those cases were far more 'unusual and complex' than the present case." *Id*. (citing *Nadarajah v. Holder*, 569 F.3d 906, 914 (9th Cir. 2009)).

The Commissioner's response to Taylor's motion for reconsideration, though brief, is correct in stating that district courts have broad discretion in deciding fee petitions under the EAJA. [DE 26 at 2 (citing *Clark*, 849 F.3d 647, 650-53 (6th Cir. 2016))]. Taylor has failed to demonstrate that the Court applied an erroneous legal standard in deciding not to award her attorney a fee rate higher than the statutory maximum.

9

**B. Number of Compensable Hours**

Next, Taylor argues that the Court incorrectly denied her "fees on fees," or fees counsel incurred while litigating the EAJA award. The EAJA states that attorney's fees may be awarded to a prevailing party "incurred by that party in a civil action … including proceedings for judicial review of agency action." 28 U.S.C. § 2412(d)(1)(A). Because the statutory definition of a civil action was not applicable to this case, the Court looked to the plain meaning of the term. [DE 22 at 12]. Turning to Black's Law Dictionary, portions of the EAJA, case law, and the Congressional record for the EAJA, the Court found that "if a 'civil action' terminates at judgment, and a 'final judgment' for the purposes of the EAJA means a judgment for which the time to appeal has expired for all parties, that a civil action terminates in the EAJA context once a judgment has been entered and the time to appeal had expired for all parties." [*Id*. at 12-15]. Thus, the Court found that Taylor could recover fees incurred after the entry of judgment, but before the time to file an appeal had run, allowing her to collect on the entire 9.1 hours requested in the initial motion. [*Id*. at 15].

But Taylor also requested an additional four hours for the time it took counsel to reply to the Commissioner's response in support of her attorney's fees motion. [*Id*.]. Because those fees were incurred after the termination of the civil action, as

10

described above, the fees arising out of fee litigation should not be awarded. [*Id*. at 16].

Taylor contends that the Court got this wrong. She claims that "special rules of finality" apply to fee litigation and that EAJA petitions are "postjudgment proceedings" auxiliary to cases that are already final. [DE 23 at 12]. He argues that the Court's ruling violates a Sixth Circuit mandate that courts should consider supplemental fee requests. [*Id*. at 13 (citing *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 131 n. 1 (6th Cir. 2007))]. But the Court did not decline to consider a supplemental fee request just because it was a later-filed request for fees; rather, it declined to grant it because the civil action had been terminated.

Taylor, in her reply to the Commissioner's response and in her motion for reconsideration, cites also to *Commissioner, I.N.S. v. Jean* for the proposition that her attorney can recover "fees for fees." 496 U.S. 154, 162-66 (1990). But as the Court pointed out in the Order at issue here, that case stands only for the proposition that a Court need not find that the government's position in fee litigation is not substantially justified to award the attorney "fees on fees." [DE 22 at 15 (citing *Jean*, 496 U.S. at 162-66)]. But the statutory requirement that only fees recovered in a civil action are compensable must not simply be ignored just because attorneys *may* recover fees for fee litigation. The "practical problems" Taylor discusses in her motion for

11

reconsideration do not allow for the Court to circumvent this statutory requirement.

Additionally, the Court notes here that while the EAJA favors treating a case like an inclusive whole, *see Jean*, 496 U.S. at 161-62, it would be an odd result to allow a plaintiff, who did not succeed in acquiring a fee rate above the statutory minimum, only succeeding on a portion of the analysis, to be awarded fees for the entire argument. To state it another way, Taylor is not necessarily the prevailing party in the fee litigation. It seems counterintuitive to automatically award fees for hours spent doing work that is not part of the successful litigation that allowed the award of fees in the first place. Even Taylor notes that she might seek additional fees *depending on* "her degree of success" in the fee litigation. [DE 23 at 14].

## IV. CONCLUSION

Accordingly, having reviewed Taylor's motion for reconsideration, the Commissioner's response, Taylor's reply, and her supplemental materials, **IT IS ORDERED** that Plaintiff Sherry Denise Taylor's motion for reconsideration [DE 23] is **DENIED**.

This 20th day of April, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge