UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

SHERRY DENISE TAYLOR            )
                                )
        *Plaintiff*,            )
                                )
v.                              )        7:18-CV-071-JMH
                                )
KILOLO KIJAKAZI, *ACTING*       )
*COMMISSIONER OF SOCIAL SECURITY* )      **MEMORANDUM ORDER**
                                )
        *Defendant*.           )

* * *

Plaintiff Sherry Denise Taylor is a former client of ex-attorney, Eric C. Conn, who lost her benefits due to the Social Security Administration's "redetermination." After seeking judicial review of the Commissioner's decision, the Court entered an order reversing the denial of benefits. [DE 16; DE 17]. Taylor subsequently moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). [DE 18]. This Court granted Taylor's request for attorney's fees but denied Taylor's request for an increase in the statutory maximum rate and her request to be compensated for drafting the reply as it was completed after the deadline to appeal. [DE 22]. Therefore, the Court awarded a total of $1,137.50 in attorney's fees based off 9.1 hours of compensable work at a rate of $125 per hour.

Taylor appealed the decision. [DE 30]. The Sixth Circuit, agreeing with Taylor, vacated the fee award and remanded the matter

for the Court to "decided whether the attorney's fees should be granted for the hours spent preparing Taylor's reply" and to "determine the appropriate hourly rate given the market range established by the plaintiffs." [DE 33 at 8,10].

Because the EAJA attempts to "eliminate for the average person the financial disincentive to challenge unreasonable government actions," a successful claimant in federal court can seek reasonable attorney's fees for challenging the of SSA's denial of benefits in federal courts, including fees incurred while pursuing attorney's fees. *Comm'r of I.N.S. v. Jean*, 496 U.S. 154, 163 (1990); 28 U.S.C. § 2412(d)(1)(A). To calculate reasonable attorney fees, the Court uses the lodestar method, which multiplies the reasonable number of hours worked by the reasonable hourly rate. *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F. 3d 686, 702 (6th Cir. 2016).

The Act says that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C § 2412(d)(2)(A). Taylor presented evidence establishing that the market range in the Eastern District of Kentucky is greater than $200 per hour. Taylor offered several attorney affidavits declaring the market rate to

be higher than $200 and that there is a limited availability of qualified attorneys to take on these cases, in addition to an increase in the cost of living. [DE 2-DE 6]. Therefore, consistent with the Sixth Circuit opinion and the evidence presented, this Court awards Taylor her original fee request of $203 per hour.

Further, even though the reply was drafted after the time to appeal expired, Taylor is nonetheless entitled to compensation for the work performed. The EAJA allows prevailing parties to recover attorney's fees "incurred by that party in any civil action." 28 U.S.C. § 2412(d)(1)(A). First, "civil action" is a broad term, meant to encompass fee litigation in addition to the merits of the underlying action. *Jean*, 496 U.D. at 162. The purpose of the EAJA, "to cover the cost of all phases of successful civil litigation," is furthered by the broad interpretation. *Id*. at 166. Second, EAJA fee awards may be sought "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Because § 2412(d)(2)(G) defines "final judgment" as "a judgment that is final and not appealable," Taylor had at least thirty days after the judgment became non-appealable to begin the fee-seeking process. [DE 33 at 5-6]. Because judgment was entered on October 23, 2018, and the notice of appeal had to be filed within sixty days under Fed. R. App. P. 4(a)(1)(B), Taylor's reply on January 16, 2019, fell within the appropriate time frame to seek an award. Third, the more flexible rule better aligns with modern fee-shifting litigation.

3

[DE 33 at 6]. Therefore, based on the Sixth Circuit opinion and the evidence presented, the Court agrees with Taylor that attorney's fees should be granted for the four hours spent preparing Taylor's reply.

In conclusion, this Court awards Taylor attorney's fees of $2,659.30 under the EAJA. That amount encompasses an hourly rate of $203 for 13.1 hours, which includes the 4.0 hours for her reply time.

Accordingly, it is hereby **ORDERED AS FOLLOWS:**

(1)  Plaintiff Sherry Denise Taylor's motion for attorney's fees and costs [DE 18] is **GRANTED.**

(2)  Attorney's fees are awarded in the amount $2,659.30 to Plaintiff unless Plaintiff does not have a federal debt, in which case the Defendant may pay these fees directly to Appalachian Citizens' Law Center in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

This the 9th day of December, 2021.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge